IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL CATHEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-13-CV-669-XR |
| § | |
| HI-LINE MOVING SERVICES, INC., and § | |
| HI-LINE MOVING SERVICES, INC., d/b/a § | |
| EVERS & ASSOCIATES BROKERS, and § | |
| LYLE ANDREW KJONAAS, § | |
| | |
| *Defendants*. | |

**ORDER**

On this day, the Court considered Plaintiff's motion for leave to file an amended complaint.  Doc. No. 14.  This case stems from an automobile accident between Plaintiff Michael Cathey and Defendant Lyle Andrew Kjonaas that occurred at the intersection of Highways 10 and 410 in San Antonio, Texas.  This case was originally filed in state Court and removed by Defendants on July 23, 2013.  Doc. No. 1.  In his state court petition, Plaintiff incorrectly stated that the date of the accident was November 2, 2011.   Plaintiff now seeks leave to amend to note that the accident actually occurred on November 2, 2012.   Although the deadline to amend pleading has passed, Rule 15 of the Federal Rules of Civil Procedure indicates that this Court "should freely give leave [to amend] when justice so requires." F<small>ED</small>. R. C<small>IV</small>. P. 15(a)(2).  Since this proposed amendment does not create a statute of limitations

problem and is sought to correct a typographical error, the Court GRANTS leave to amend the date of the accident.

In addition, Plaintiff seeks leave to amend to "include additional violations that have been identified in our expert report." Doc. No. 14. Plaintiff does not stipulate what these additional "violations" are. The Court has compared the original state court petition with Plaintiff's proposed amended complaint to ascertain what new claims Plaintiff wishes to assert. Although not made clear by Plaintiff's motion, it appears that he seeks to amend the portion of his complaint alleging that Defendants were negligent *per se*. In particular, Plaintiff has added additional statutes and regulations which he claims Defendants were violating when the accident took place. Thus, Plaintiff does not appear to be alleging a new cause of action. Instead, he merely seeks to amend his existing claims of negligence *per se*. Since the discovery deadline is more than six weeks away, and because Defendants did not respond in opposition to this motion, the Court finds that Defendants would not be prejudiced by permitting this amendment. Accordingly, Plaintiff's motion for leave to amend is GRANTED in this respect.

Finally, Plaintiff seeks leave to voluntarily dismiss its claims against Hi-Line Moving Services Inc., d/b/a Evers and Associates Brokers because that entity is no longer in existence. "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Here, Plaintiff merely seeks to drop its claims against an entity that no longer exists. Accordingly, Plaintiff's

motion for leave to voluntarily dismiss his claims against Defendant Hi-Line Moving Services Inc., d/b/a Evers and Associates Brokers is GRANTED.

## CONCLUSION

In light of the foregoing analysis, Plaintiff's motion for leave to amend is GRANTED. Doc. No. 14.

SIGNED this 31st day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE